Pennington J.
— The action below, as well in the summons in the justice’s docket, is an action on the case, and the state of demand is for a trespass. Under former adjudications, this must be considered as error; but it is not, in my mind, the principal one. The state of demand is uncertain; the language of the charge is “ for trespassing on my premises, by letting down, or ordering, or suffering my fence, that went round my rye field, let down.” Besides, that these charges are in the disjunctive, for which reason, I think them objectionable, on the ground of uncertainty;[1] yet one of them, to wit, suffering the defendant’s fence to be let down, is not actionable at all; for one man to suffer another’s fence to be let down, unless he is hound to keep it up, is no cause of action. It is said [*] with great propriety and truth, that the same nicety in pleading is not required in justices’ courts, as in courts wholly pursuing the course of common law; hut substantial matter must be put in issue, or injustice will be done. Supposing, on the trial of this cause before the justice, the plaintiff had proved that the defendant stood at a distance, and saw strangers pull down the plaintiff’s fence, and that he did not prevent it; this evidence would have supported the issue, and enabled the jury to have mulcted the defendant in damages; yet, unless he commanded or encouraged the act, he was innocent, or, at any rate, not legally chargeable. For these reasons, I am for a reversal of the judgment.
Kirkpatrick, C. J.
— Concurred in opinion with Pkn-KINGTOÍT, J.
Saxton, attorney for plaintiff.
Rossell, J.
— The variance between the process and state of demand, and the misconceiving the action, the reasons principally relied on to reverse the judgment, are, according to my opinion, heretofore given, amended by the statute of amendments and jeofails, after verdict; but as uniformity in the decisions of this court is of great importance, I consent that this judgment should be reversed.
Judgment reversed.
Cited in Sayres v. Inhbts. of Springfield, 3 Halst. 168.

 Chit. Pl. 206-7. Post, 411.